IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEREMY BAGNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-00157-CV-W-ODS |
| ) | Crim. No. 10-00309-02-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER

Pending are Petitioner's Amended Motion to Vacate Sentence, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #5); Petitioner's Motion to Withdraw Notice of Dismissal and Rescind Order of Dismissal (Doc. #19)[1]; Petitioner's Motions to Dismiss Petition without Prejudice (Docs. #20, 22)[2]; and Respondent's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. #21). To date, no responses to the pending motions have been filed, and the time for filing responses has passed.

Petitioner argued his sentence should be vacated, set aside, or corrected because he was denied due process when he was sentenced pursuant to the Court's finding that he was a career offender under the United States Sentencing Guidelines. Petitioner argues the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), wherein the Supreme Court held the residual clause of the Armed Criminal Career Act ("ACCA") was unconstitutionally vague, should apply to the career offender provision in the Sentencing Guidelines. Respondent opposed Petitioner's amended motion. After the motion was fully briefed, Petitioner requested and was granted a stay pending the Supreme Court's decision in *Beckles v. United States*.

---

[1] Petitioner initially filed a Notice of Dismissal without Prejudice upon which the Court relied to dismiss the matter. Petitioner moves to withdraw that notice because it did not comply with Rule 41 of the Federal Rules of Civil Procedure. Petitioner's motion is granted. Document 17 is withdrawn, and Document 18 is rescinded.
[2] The relief sought in both motions is duplicative.

On March 6, 2017, the Supreme Court found "the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Now that *Beckles* has been decided, the stay in this matter must be lifted.

In light of *Beckles*, Petitioner asks the Court to dismiss his section 2255 motion without prejudice so that he may file a future motion under section 2255 without seeking permission from the Court of Appeals. Respondent requests the stay be lifted, and the Court deny Petitioner's amended petition to vacate his sentence on the merits.

The sole argument in Petitioner's amended motion to vacate his sentence is rendered meritless due to *Beckles*. Petitioner so admitted in his motion to stay. Doc. #14, at 2 (stating "[i]f *Beckles* holds that *Johnson* is not retroactively applicable to guidelines cases on collateral review, movant's case would necessarily be terminated."). Petitioner cannot dismiss his section 2255 motion simply because he now knows his claim is meritless, and he wants to circumvent the requirements for filing a successive or second section 2255 motion. *See Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (stating "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits."); *see also Carter v. United States*, Case No. 16-586-CV-W-GAF (W.D. Mo. Apr. 11, 2017) (denying the petitioner's motion to dismiss without prejudice); *Green v. United States*, Case No. 16-3165-CV-S-MDH (W.D. Mo. Apr. 7, 2017) (Doc. #15) (same); *Lopez-Lopez v. United States*, Case No. 16-711-CV-W-DW (W.D. Mo. Apr. 7, 2017) (same).

Petitioner's motion to dismiss this matter without prejudice is denied. Pursuant to *Beckles*, Petitioner's amended motion to vacate his sentence is denied. Because Petitioner made no substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

Based upon the foregoing, the following is ordered:

(1)  Petitioner's Amended Motion to Vacate Sentence, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #5) is denied;

(2)  Petitioner's Motion to Withdraw Notice of Dismissal is granted (Doc. #19);

2

(3) Plaintiff's Notice of Dismissal (Doc. #17) is withdrawn, and the Order of Dismissal (Doc. #18) is rescinded;

(4) Petitioner's Motions to Dismiss Amended Motion to Vacate Sentence without Prejudice (Docs. #20, 22) are denied;

(5) Respondent's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits is granted (Doc. #21); and

(6) The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 12, 2017    UNITED STATES DISTRICT COURT